IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MELVIN LEE PRICE,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | **CIVIL NO. 05-cv-369-WDS** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 94-cr-30022** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

In 1994, Petitioner was originally convicted of distributing crack cocaine and unlawful possession of a firearm; he was sentenced to 120 months incarceration, followed by eight years of supervised release. Ten years later, he was found to have violated the terms of his supervised release. An additional sentence of 51 months imprisonment was imposed, and it is this 51-month sentence which is the subject of the instant motion; Petitioner believes that this sentence is invalidated by *United States v. Booker*, 125 S.Ct. 738 (2005). However, the Seventh Circuit already has held that this ruling does not apply retroactively to convictions that were final ***prior*** to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

In the instant case, Petitioner was sentenced on May 25, 2004, for his violation of the terms of supervised release. He did not file a direct appeal; therefore, for purposes of § 2255, his

conviction on those charges became final on June 9, 2004.  *See* FED.R.APP.P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003); *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied). Therefore, his conviction for his violation of supervised release was final *prior* to the Supreme Court's decision in *Booker*, and that decision does not invalidate his 51-month sentence.

Therefore, § 2255 motion cannot provide him with the desired relief; the motion therefore is **DENIED**, and this action is **DISMISSED**.  Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Booker* applies retroactively on collateral review.

**IT IS SO ORDERED.**

**DATED: November 30, 2005.**

                                              **s/ WILLIAM D.  STIEHL**
                                                 **DISTRICT JUDGE**